Donald J. Kravet (DK-2772)
Maria E. Rodi (MR-0063)
Kaplan Kravet & Vogel P.C.
630 Third Avenue, 5th Floor
New York, NY 10017
(646) 248-5460

Howard W. Foster (admitted *pro hac vice*)
Foster, P.C.
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606

*Attorneys for Francois Jules Parisien, M.D., Maria S.
Masigla, P.T., Francis J. Lacina, M.D., Ksenia Pavlova, D.O.,
and Allay Medical Services, P.C.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,                Case No. 12-00818(RRM)(RER)
GEICO GENERAL INSURANCE COMPANY and
GEICO CASUALTY COMPANY,

                              Plaintiffs,

        -against-

FRANCOIS JULES PARISIEN, M.D., a/k/a JULES
FRANCOIS PARISIEN, CHARLES DENG, L.Ac.,
ISLAND LIFE CHIROPRACTICE PAIN CARE, PLLC,
DARREN THOMAS MOLLO, D.C., MARIA. S.
MASIGLA, P.T., FRANCIS J. LACINA, M.D.,
KSENIA PAVLOVA, D.O., ALLAY MEDICAL
SERVICES, P.C., LUQMAN DABIRI, M.D., NOEL E.
BLACKMAN, M.D., SUSAN TUANO, WILMA
TANGLAO, and JOHN DOE DEFENDANTS 1-10,

                              Defendants.

------------------------------------------------------------------------x

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND BY
JULES PARISIEN, M.D., MARIA S. MASIGLA, P.T.,
FRANCIS J. LACINA, M.D., KSENIA PAVLOVA, D.O.,
<u>AND ALLAY MEDICAL SERVICES, P.C.</u>**

Defendants Francois Jules Parisien, M.D. ("Parisien"), Maria S. Masigla, P.T.

("Masigla"), Francis J. Lacina, M.D. ("Lacina"), Ksenia Pavlova, D.O. ("Pavlova"), and Allay

Medical Services, P.C. ("Allay") (collectively, "Defendants"), by their attorneys, Kaplan Kravet

& Vogel P.C., as and for their Answer in response to the complaint filed by plaintiffs

Government Employees Insurance Company, GEICO Indemnity Company, GEICO General

Insurance Company, and GEICO Casualty Company (collectively, "GEICO"), allege as follows:

1.    Deny the allegations set forth in paragraph 1.

2.    Deny the allegations set forth in paragraph 2.

3.    Deny the allegations set forth in paragraph 3.

4.    Deny the allegations set forth in paragraph 4.

5.    Deny the allegations set forth in paragraph 5.

6.    Deny the allegations set forth in paragraph 6.

7.    Deny the allegations set forth in paragraph 7.

8.    Deny the allegations set forth in paragraph 8.

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.     Parisien admits that he resides in and is a citizen of New York and was licensed to practice medicine in New York on January 25, 1972, and denies the remaining allegations set forth in paragraph 13. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Masigla admits that she resides in and is a citizen of New York and was licensed to practice physical therapy in New York on March 24, 1999, and denies the remaining allegations set forth in paragraph 14. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Lacina admits that he resides in and is a citizen of New York and was licensed to practice medicine in New York on September 26, 2012, and denies the remaining allegations set forth in paragraph 15. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.     Pavlova admits that she resides in and is a citizen of New York and was licenses to practice medicine in New York on May 7, 2013, and denies the remaining allegations set forth in paragraph 16. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Allay denies the allegations set forth in paragraph 18. The remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.     Deny the allegations set forth in paragraph 39.

40.     Paragraph 40 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants admit only that the Court has jurisdiction over this Proceeding pursuant to 28 U.S.C. § 1332.

41.     Paragraph 41 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants admit only that the Court has jurisdiction under 28 U.S.C. § 1331.

42.     Paragraph 42 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth in paragraph 42.

43.     Paragraph 43 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants admit only that venue is appropriate under 28 U.S.C. § 1391.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44.

45.     Paragraph 45 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

46.     Paragraph 46 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

47.     Paragraph 47 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

48.     Paragraph 48 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations

set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

49.     Paragraph 49 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

50.     Paragraph 50 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

51.     Paragraph 51 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

52.     Paragraph 52 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

53.     Paragraph 53 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

54.     Paragraph 54 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

55.     Paragraph 55 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

56.     Paragraph 56 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

57.     Paragraph 57 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

58.     Paragraph 58 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

59.     Paragraph 59 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations

set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

60.     Paragraph 60 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

61.     Paragraph 61 sets forth statements and/or conclusions of law to which no response is required. To the extent an answer may be deemed required, Defendants deny the allegations set forth therein and refer the Court to the statute and/or cases referenced therein for their content, meaning, and legal effect.

62.     Deny the allegations set forth in paragraph 62.

63.     Deny the allegations set forth in paragraph 63.

64.     Deny the allegations set forth in paragraph 64.

65.     Deny the allegations set forth in paragraph 65.

66.     Deny the allegations set forth in paragraph 66.

67.     Deny the allegations set forth in paragraph 67.

68.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70.

71.     Deny the allegations set forth in paragraph 71.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73.

74.     Deny the allegations set forth in paragraph 74.

75.     Deny the allegations set forth in paragraph 75.

76.     Deny the allegations set forth in paragraph 76.

77.     Deny the allegations set forth in paragraph 77.

78.     Deny the allegations set forth in paragraph 78.

79.     Deny the allegations set forth in paragraph 79.

80.     Deny the allegations set forth in paragraph 80.

81.     Deny the allegations set forth in paragraph 81.

82.     Deny the allegations set forth in paragraph 82.

83.     Deny the allegations set forth in paragraph 83.

84.     Deny the allegations set forth in paragraph 84.

85.     Deny the allegations set forth in paragraph 85.

86.     Deny the allegations set forth in paragraph 86.

87.     Deny the allegations set forth in paragraph 87 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

88.     Deny the allegations set forth in paragraph 88.

89.     Deny the allegations set forth in paragraph 89.

90.     Deny the allegations set forth in paragraph 90.

91.     Deny the allegations set forth in paragraph 91.

92.     Deny the allegations set forth in paragraph 92.

93.     Deny the allegations set forth in paragraph 93.

94.     Deny the allegations set forth in paragraph 94.

95.     Deny the allegations set forth in paragraph 95.

96.     Deny the allegations set forth in paragraph 96.

97.     Deny the allegations set forth in paragraph 97.

98.     Deny the allegations set forth in paragraph 98.

99.     Deny the allegations set forth in paragraph 99.

100.    Deny the allegations set forth in paragraph 100 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

101.    Deny the allegations set forth in paragraph 101.

102.    Deny the allegations set forth in paragraph 102.

103.    Deny the allegations set forth in paragraph 103.

104.    Admit the allegations set forth in paragraph 104 that the Defendants performed initial examinations on behalf of GEICO insureds, and aver that such were medically necessary and proper, and deny knowledge or information sufficient to form a belief as to the truth of the allegations with respect to any other party.

105.    Deny the allegations set forth in paragraph 105.

106.    Deny the allegations set forth in paragraph 106 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

107.    Deny the allegations set forth in paragraph 107 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

108.    Deny the allegations set forth in paragraph 108.

109.    Deny the allegations set forth in paragraph 109.

110.    Neither admit nor deny the allegations set forth in paragraph 110 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

111.    Neither admit nor deny the allegations set forth in paragraph 111 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

112.    Deny the allegations set forth in paragraph 112 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the

certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

113.    Deny the allegations set forth in paragraph 113 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

114.    Deny the allegations set forth in paragraph 114 and respectfully refer the Court to the certification of CPT codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

115.    Deny the allegations set forth in paragraph 115 and respectfully refer the Court to the certification of CPT codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

116.    Neither admit nor deny the allegations set forth in paragraph 116 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

117.    Deny the allegations set forth in paragraph 117 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

118.    Neither admit nor deny the allegations set forth in paragraph 118 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

119.    Neither admit nor deny the allegations set forth in paragraph 119 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

120.    Deny the allegation set forth in paragraph 120 that the CPT Assistant is incorporated by reference into the Fee Schedule, neither admit nor deny the remaining allegations set forth in paragraph 120 and respectfully refer the Court to the AMA CPT Assistant referenced therein for its content, meaning, and legal effect.

121.    Neither admit nor deny the allegations set forth in paragraph 121 and respectfully refer the Court to the AMA CPT Assistant referenced therein for its content, meaning, and legal effect.

122.    Neither admit nor deny the allegations set forth in paragraph 122 and respectfully refer the Court to the AMA CPT Assistant referenced therein for its content, meaning, and legal effect.

123.    Deny the allegations set forth in paragraph 123.

124.    Deny the allegations set forth in paragraph 124 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

125.    Deny the allegations set forth in paragraph 125.

126.    Deny the allegations set forth in paragraph 126.

127.    Neither admit nor deny the allegations set forth in paragraph 127 and respectfully refer the Court to the AMA CPT Assistant referenced therein for its content, meaning, and legal effect.

128.    Neither admit nor deny the allegations set forth in paragraph 128 and respectfully refer the Court to the AMA CPT Assistant referenced therein for its content, meaning, and legal effect.

129.    Neither admit nor deny the allegations set forth in paragraph 129 and respectfully refer the Court to the AMA CPT Assistant referenced therein for its content, meaning, and legal effect.

130.    Deny the allegations set forth in paragraph 130 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

131.    Deny the allegations set forth in paragraph 131 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

132.    Deny the allegations set forth in paragraph 132 respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

133.    Deny the allegations set forth in paragraph 133 respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

134.    Neither admit nor deny the allegations set forth in paragraph 134 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

135.    Neither admit nor deny the allegations set forth in paragraph 135 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

136.    Neither admit nor deny the allegations set forth in paragraph 136 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

137.    Deny the allegations set forth in paragraph 137 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

138.    Deny the allegations set forth in paragraph 138 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

139.    Deny the allegations set forth in paragraph 139 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

140.    Deny the allegations set forth in paragraph 140 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

141.    Deny the allegations set forth in paragraph 141 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

142.     Deny the allegations set forth in paragraph 142 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

143.     Deny the allegations set forth in paragraph 143.

144.     Deny the allegations set forth in paragraph 144.

145.     Deny the allegations set forth in paragraph 145.

146.     Deny the allegations set forth in paragraph 146.

147.     Deny the allegations set forth in paragraph 147.

148.     Deny the allegations set forth in paragraph 148.

149.     Deny the allegations set forth in paragraph 149 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

150.     Neither admit nor deny the allegations set forth in paragraph 150 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

151.     Deny the allegations set forth in paragraph 151.

152.     Deny the allegations set forth in paragraph 152.

153.     Neither admit nor deny the allegations set forth in paragraph 153 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

154.     Deny the allegations set forth in paragraph 154 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

155.     Neither admit nor deny the allegations set forth in paragraph 155 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

156.     Deny the allegations set forth in paragraph 156 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

157.     Deny the allegations set forth in paragraph 157.

158.     Deny the allegations set forth in paragraph 158.

159.     Deny the allegations set forth in paragraph 159.

160.     Deny the allegations set forth in paragraph 160.

161.     Deny the allegations set forth in paragraph 161 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

162.     Deny the allegations set forth in paragraph 162 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

163.     Deny the allegations set forth in paragraph 163 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

164.     Deny the allegations set forth in paragraph 164 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

165.    Deny the allegations set forth in paragraph 165 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

166.    Deny the allegations set forth in paragraph 166.

167.    Deny the allegations set forth in paragraph 167.

168.    Deny the allegations set forth in paragraph 168.

169.    Deny the allegations set forth in paragraph 169 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

170.    Deny the allegations set forth in paragraph 170 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

171.    Deny the allegations set forth in paragraph 171 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

172.    Deny the allegations set forth in paragraph 172.

173.    The allegations set forth in paragraph 173 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

174.    The allegations set forth in paragraph 174 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical

societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

175.    The allegations set forth in paragraph 175 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

176.    The allegations set forth in paragraph 176 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

177.    The allegations set forth in paragraph 177 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

178.    The allegations set forth in paragraph 178 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

179.    The allegations set forth in paragraph 179 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

180.    Deny the allegations set forth in paragraph 180 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

181.    Deny the allegations set forth in paragraph 181 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

182.    Deny the allegations set forth in paragraph 182 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO

183.    Deny the allegations set forth in paragraph 183 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

184.    Deny the allegations set forth in paragraph 184 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

185.    Deny the allegations set forth in paragraph 185 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

186.    Deny the allegations set forth in paragraph 186 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

187.     Deny the allegations set forth in paragraph 187 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

188.     Deny the allegations set forth in paragraph 188.

189.     Deny the allegations set forth in paragraph 189 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

190.     Neither admit nor deny the allegations set forth in paragraph 190 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

191.     Neither admit nor deny the allegations set forth in paragraph 191 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

192.     Deny the allegations set forth in paragraph 192 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

193.     Deny the allegations set forth in paragraph 193 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

194.     Deny the allegations set forth in paragraph 194 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was

medically necessary and properly billed to GEICO, and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

195.    Deny the allegations set forth in paragraph 195 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

196.    Deny the allegations set forth in paragraph 196.

197.    Neither admit nor deny the allegations set forth in paragraph 197 and respectfully refer the Court to the certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

198.    Deny the allegations set forth in paragraph 198 and respectfully refer the Court to the certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

199.    Deny the allegations set forth in paragraph 199 and respectfully refer the Court to the certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

200.    Deny the allegations set forth in paragraph 200 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

201.    Deny the allegations set forth in paragraph 201.

202. Deny the allegations set forth in paragraph 202 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

203. Deny the allegations set forth in paragraph 203.

204. The allegations set forth in paragraph 204 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

205. The allegations set forth in paragraph 205 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

206. The allegations set forth in paragraph 206 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

207. Deny the allegations set forth in paragraph 207 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

208. Deny the allegations set forth in paragraph 208 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

209.    Deny the allegations set forth in paragraph 209 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

210.    Deny the allegations set forth in paragraph 210 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

211.    Deny the allegations set forth in paragraph 211 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

212.    Deny the allegations set forth in paragraph 212 and respectfully refer the Court to the certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

213.    Deny the allegations set forth in paragraph 213.

214.    Deny the allegations set forth in paragraph 214.

215.    Deny the allegations set forth in paragraph 215.

216.    Deny the allegations set forth in paragraph 216 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

217.    Deny the allegations set forth in paragraph 217 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

218.    Deny the allegations set forth in paragraph 211 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

219.    The allegations set forth in paragraph 219 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

220.    The allegations set forth in paragraph 220 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

221.    The allegations set forth in paragraph 221 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

222.    Deny the allegations set forth in paragraph 222 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

223.    Deny the allegations set forth in paragraph 223 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

224.    Deny the allegations set forth in paragraph 224 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

225.    Deny the allegations set forth in paragraph 225.

226.    Neither admit nor deny the allegations set forth in paragraph 226 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for its content, meaning, and legal effect.

227.    Deny the allegations set forth in paragraph 227 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for its content, meaning, and legal effect.

228.    Neither admit nor deny the allegations set forth in paragraph 228 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for its content, meaning, and legal effect.

229.    Deny the allegations set forth in paragraph 224 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

230.    Deny the allegations set forth in paragraph 230.

231.    Deny the allegations set forth in paragraph 231.

232.    Neither admit nor deny the allegations set forth in paragraph 232 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for its content, meaning, and legal effect.

233.    Neither admit nor deny the allegations set forth in paragraph 233 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information for its content, meaning, and legal effect.

234.    Deny the allegations set forth in paragraph 234 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

235.    Deny the allegations set forth in paragraph 235 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

236.    Deny the allegations set forth in paragraph 236 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

237.    Deny the allegations set forth in paragraph 237.

238.    Deny the allegations set forth in paragraph 238.

239.    Deny the allegations set forth in paragraph 239 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

240.    Deny the allegations set forth in paragraph 240 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

241.    Deny the allegations set forth in paragraph 241.

242.    Deny the allegations set forth in paragraph 242 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

243.    The allegations set forth in paragraph 243 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

244.    Deny the allegations set forth in paragraph 244 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

245.    Deny the allegations set forth in paragraph 245 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

246.    Deny the allegations set forth in paragraph 246 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

247.    Deny the allegations set forth in paragraph 247 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

248.    Deny the allegations set forth in paragraph 248 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

249.    Deny the allegations set forth in paragraph 249 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

250.    Deny the allegations set forth in paragraph 250.

251.    Deny the allegations set forth in paragraph 224 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

252.    Deny the allegations set forth in paragraph 252 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

253.    Deny the allegations set forth in paragraph 253.

254.    The allegations set forth in paragraph 254 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

255.    The allegations set forth in paragraph 255 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

256.    The allegations set forth in paragraph 256 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

257.    Deny the allegations set forth in paragraph 257 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

258.    Deny the allegations set forth in paragraph 258 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

259.    Neither admit nor deny the allegations set forth in paragraph 259 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

260.    Deny the allegations set forth in paragraph 260 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

261.    Deny the allegations set forth in paragraph 261.

262.    Deny the allegations set forth in paragraph 262.

263.    Deny the allegations set forth in paragraph 263.

264.    Deny the allegations set forth in paragraph 264 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

265.    Deny the allegations set forth in paragraph 265 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

266.    Deny the allegations set forth in paragraph 266.

267.    Neither admit nor deny the allegations set forth in paragraph 233 and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

268.    Deny the allegations set forth in paragraph 268 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

269.    Deny the allegations set forth in paragraph 269 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information for their content, meaning, and legal effect.

270.     Deny the allegations set forth in paragraph 270 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

271.     Deny the allegations set forth in paragraph 271.

272.     Neither admit nor deny the allegations set forth in paragraph 272 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

273.     Deny the allegations set forth in paragraph 273 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

274.     Neither admit nor deny the allegations set forth in paragraph 274 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

275.     Deny the allegations set forth in paragraph 275 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO, and respectfully refer the Court to certification of CPT Codes by the AMA for complete recitation of CPT Codes and related information.

276.    Neither admit nor deny the allegations set forth in paragraph 276 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

277.    Deny the allegation set forth in paragraph 277 that the CPT Assistant is incorporated by reference into the Fee Schedule, and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

278.    Neither admit nor deny the allegations set forth in paragraph 278 and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

279.    Neither admit nor deny the allegations set forth in paragraph 278 and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

280.    Deny the allegations set forth in paragraph 280.

281.    Deny the allegations set forth in paragraph 281 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

282.    Deny the allegations set forth in paragraph 282 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

283.    Deny the allegations set forth in paragraph 283.

284.    Neither admit nor deny the allegations set forth in paragraph 284 and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

285.    Neither admit nor deny the allegations set forth in paragraph 285 and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

286.    Neither admit nor deny the allegations set forth in paragraph 286 and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

287.    Deny the allegations set forth in paragraph 287 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

288.    Deny the allegations set forth in paragraph 288 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

289.    Deny the allegations set forth in paragraph 289 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

290.    Deny the allegations set forth in paragraph 290 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

291.    Neither admit nor deny the allegations set forth in paragraph 291 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

292.    Neither admit nor deny the allegations set forth in paragraph 292 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

293.    Deny the allegations set forth in paragraph 293 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

294.    Deny the allegations set forth in paragraph 294 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

295.    Deny the allegations set forth in paragraph 295 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

296.    Deny the allegations set forth in paragraph 296 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

297.    Deny the allegations set forth in paragraph 297 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

298.    Deny the allegations set forth in paragraph 298 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

299.    Deny the allegations set forth in paragraph 299 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

300.    Deny the allegations set forth in paragraph 300.

301.    Deny the allegations set forth in paragraph 301.

302.    Deny the allegations set forth in paragraph 302 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

303. Deny the allegations set forth in paragraph 303.

304. The allegations set forth in paragraph 304 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

305. The allegations set forth in paragraph 305 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

306. The allegations set forth in paragraph 306 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

307. Deny the allegations set forth in paragraph 307 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

308. The allegations set forth in paragraph 308 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

309. The allegations set forth in paragraph 309 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical

societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

310.    The allegations set forth in paragraph 310 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

311.    The allegations set forth in paragraph 311 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

312.    The allegations set forth in paragraph 312 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

313.    Deny the allegations set forth in paragraph 313 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

314.    Deny the allegations set forth in paragraph 314 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

315.    The allegations set forth in paragraph 315 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical

societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

316.    The allegations set forth in paragraph 316 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

317.    The allegations set forth in paragraph 317 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

318.    The allegations set forth in paragraph 318 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

319.    Neither admit nor deny the allegations set forth in paragraph 319 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

320.    The allegations set forth in paragraph 320 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

321.    Deny the allegations set forth in paragraph 321 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

322.    Deny the allegations set forth in paragraph 322 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

323.    The allegations set forth in paragraph 323 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

324.    The allegations set forth in paragraph 324 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

325.    The allegations set forth in paragraph 325 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

326.    Neither admit nor deny the allegations set forth in paragraph 326 and respectfully refer the Court to the CPT Assistant for its content, meaning, and legal effect.

327.    Deny the allegations set forth in paragraph 327 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

328.     Deny the allegations set forth in paragraph 328 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

329.     Deny the allegations set forth in paragraph 329 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

330.     Deny the allegations set forth in paragraph 330 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

331.     Deny the allegations set forth in paragraph 331 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

332.     Admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

333.     The allegations set forth in paragraph 333 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

334.     Deny the allegations set forth in paragraph 334 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

335.     Deny the allegations set forth in paragraph 335.

336.    The allegations set forth in paragraph 336 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

337.    The allegations set forth in paragraph 337 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

338.    Deny the allegations set forth in paragraph 338 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

339.    Deny the allegations set forth in paragraph 339 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

340.    The allegations set forth in paragraph 340 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

341.    Deny the allegations set forth in paragraph 341 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

342.     Neither admit nor deny the allegations set forth in paragraph 342 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

343.     Deny the allegations set forth in paragraph 343 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

344.     Deny the allegations set forth in paragraph 344.

345.     Deny the allegations set forth in paragraph 345.

346.     Neither admit nor deny the allegations set forth in paragraph 346 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

347.     Deny the allegations set forth in paragraph 347 and respectfully refer the Court to the certification of CPT Codes by the AMA for a complete recitation of CPT Codes and related information and their content, meaning, and legal effect.

348.     Deny the allegations set forth in paragraph 348 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

349.     The allegations set forth in paragraph 349 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

350.     The allegations set forth in paragraph 350 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical

societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

351.    The allegations set forth in paragraph 351 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

352.    Deny the allegations set forth in paragraph 352 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

353.    Deny the allegations set forth in paragraph 353 except admit that Defendants billed GEICO for treatment provided to its insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

354.    Deny the allegations set forth in paragraph 354 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

355.    The allegations set forth in paragraph 355 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

356.    Deny the allegations set forth in paragraph 356 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

357.     Deny the allegations set forth in paragraph 357 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

358.     Deny the allegations set forth in paragraph 358 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

359.     The allegations set forth in paragraph 359 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

360.     Deny the allegations set forth in paragraph 360 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

361.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 361, except to the extent any allegations pertain to Defendants, those allegations are denied.

362.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 362, except to the extent any allegations pertain to Defendants, those allegations are denied.

363.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 363, except to the extent any allegations pertain to Defendants, those allegations are denied.

364.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 364, except to the extent any allegations pertain to Defendants, those allegations are denied.

365.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 365, except to the extent any allegations pertain to Defendants, those allegations are denied.

366.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 366, except to the extent any allegations pertain to Defendants, those allegations are denied.

367.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 367, except to the extent any allegations pertain to Defendants, those allegations are denied.

368.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 368, except to the extent any allegations pertain to Defendants, those allegations are denied.

369.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 369, except to the extent any allegations pertain to Defendants, those allegations are denied.

370.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 370, except to the extent any allegations pertain to Defendants, those allegations are denied.

371.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 371, except to the extent any allegations pertain to Defendants, those allegations are denied.

372.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 372, except to the extent any allegations pertain to Defendants, those allegations are denied.

373.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 373, except to the extent any allegations pertain to Defendants, those allegations are denied.

374.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 374, except to the extent any allegations pertain to Defendants, those allegations are denied.

375.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 375, except to the extent any allegations pertain to Defendants, those allegations are denied.

376.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 376, except to the extent any allegations pertain to Defendants, those allegations are denied.

377.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 377, except to the extent any allegations pertain to Defendants, those allegations are denied.

378.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 361, except to the extent any allegations pertain to Defendants, those allegations are denied.

379.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 379, except to the extent any allegations pertain to Defendants, those allegations are denied.

380.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 380, except to the extent any allegations pertain to Defendants, those allegations are denied.

381.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 381, except to the extent any allegations pertain to Defendants, those allegations are denied.

382.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 382, except to the extent any allegations pertain to Defendants, those allegations are denied.

383.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 383, except to the extent any allegations pertain to Defendants, those allegations are denied.

384.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 384, except to the extent any allegations pertain to Defendants, those allegations are denied.

385.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 385, except to the extent any allegations pertain to Defendants, those allegations are denied.

386.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 386, except to the extent any allegations pertain to Defendants, those allegations are denied.

387.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 387, except to the extent any allegations pertain to Defendants, those allegations are denied.

388.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 388, except to the extent any allegations pertain to Defendants, those allegations are denied.

389.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 389, except to the extent any allegations pertain to Defendants, those allegations are denied.

390.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 390, except to the extent any allegations pertain to Defendants, those allegations are denied.

391.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 391, except to the extent any allegations pertain to Defendants, those allegations are denied.

392.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 392, except to the extent any allegations pertain to Defendants, those allegations are denied.

393.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 393, except to the extent any allegations pertain to Defendants, those allegations are denied.

394.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 394, except to the extent any allegations pertain to Defendants, those allegations are denied.

395.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 395, except to the extent any allegations pertain to Defendants, those allegations are denied.

396.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 396, except to the extent any allegations pertain to Defendants, those allegations are denied.

397.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 397, except to the extent any allegations pertain to Defendants, those allegations are denied.

398.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 398, except to the extent any allegations pertain to Defendants, those allegations are denied.

399.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 399, except to the extent any allegations pertain to Defendants, those allegations are denied.

400.    The allegations set forth in paragraph 400 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

401.    The allegations set forth in paragraph 401 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

402.    The allegations set forth in paragraph 402 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

403.    Deny the allegations set forth in paragraph 403 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

404.    Deny the allegations set forth in paragraph 404 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

405.    Deny the allegations set forth in paragraph 405 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

406.    Deny the allegations set forth in paragraph 406 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

407.    Deny the allegations set forth in paragraph 407 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

408.    Deny the allegations set forth in paragraph 408 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

409.    Deny the allegations set forth in paragraph 409 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

410.    The allegations set forth in paragraph 401 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

411.    The allegations set forth in paragraph 411 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

412.    The allegations set forth in paragraph 412 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

413.    The allegations set forth in paragraph 413 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

414.    The allegations set forth in paragraph 414 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

415.    Deny the allegations set forth in paragraph 415 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

416.    Deny the allegations set forth in paragraph 416 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

417.    Deny the allegations set forth in paragraph 417 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

418.    Deny the allegations set forth in paragraph 418 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

419.    Deny the allegations set forth in paragraph 419 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

420.    The allegations set forth in paragraph 420 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

421.    Deny the allegations set forth in paragraph 421 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

422.    Deny the allegations set forth in paragraph 422 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

423.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 423, except to the extent any allegations pertain to Defendants, those allegations are denied.

424.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 424, except to the extent any allegations pertain to Defendants, those allegations are denied.

425.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 425, except to the extent any allegations pertain to Defendants, those allegations are denied.

426.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 426, except to the extent any allegations pertain to Defendants, those allegations are denied.

427.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 427, except to the extent any allegations pertain to Defendants, those allegations are denied.

428.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 428, except to the extent any allegations pertain to Defendants, those allegations are denied.

429.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 429, except to the extent any allegations pertain to Defendants, those allegations are denied.

430.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 430, except to the extent any allegations pertain to Defendants, those allegations are denied.

431.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 431, except to the extent any allegations pertain to Defendants, those allegations are denied.

432.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 432, except to the extent any allegations pertain to Defendants, those allegations are denied.

433.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 433, except to the extent any allegations pertain to Defendants, those allegations are denied.

434.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 434, except to the extent any allegations pertain to Defendants, those allegations are denied.

435.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 435, except to the extent any allegations pertain to Defendants, those allegations are denied.

436.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 436, except to the extent any allegations pertain to Defendants, those allegations are denied.

437.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 437, except to the extent any allegations pertain to Defendants, those allegations are denied.

438.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 438, except to the extent any allegations pertain to Defendants, those allegations are denied.

439.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 439, except to the extent any allegations pertain to Defendants, those allegations are denied.

440.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 440, except to the extent any allegations pertain to Defendants, those allegations are denied.

441.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 441, except to the extent any allegations pertain to Defendants, those allegations are denied.

442.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 442, except to the extent any allegations pertain to Defendants, those allegations are denied.

443.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 443, except to the extent any allegations pertain to Defendants, those allegations are denied.

444.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 444, except to the extent any allegations pertain to Defendants, those allegations are denied.

445.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 445, except to the extent any allegations pertain to Defendants, those allegations are denied.

446.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 446, except to the extent any allegations pertain to Defendants, those allegations are denied.

447.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 447, except to the extent any allegations pertain to Defendants, those allegations are denied.

448.    Deny the allegations set forth in paragraph 448 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

449.    Deny the allegations set forth in paragraph 449 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

450.    Deny the allegations set forth in paragraph 450 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

451.    Deny the allegations set forth in paragraph 451 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

452.    Deny the allegations set forth in paragraph 452 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

453.    Deny the allegations set forth in paragraph 453 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

454.    Deny the allegations set forth in paragraph 454 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

455.    The allegations set forth in paragraph 455 purport to assert and characterize certain principles of medicine and science, and/or policies of certain professional medical societies, which Defendants neither admit nor deny. Defendants dispute such characterizations and respectfully refer the Court to appropriate expert testimony at trial of this action.

456.    Deny the allegations set forth in paragraph 456 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

457.    Deny the allegations set forth in paragraph 457 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

458.    Deny the allegations set forth in paragraph 458.

459.    Deny the allegations set forth in paragraph 459.

460.    Deny the allegations set forth in paragraph 460.

461.    Deny the allegations set forth in paragraph 461 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

462.    Deny the allegations set forth in paragraph 462 except admit that Defendants performed treatment on behalf of GEICO insureds, and aver that any such treatment was medically necessary and properly billed to GEICO.

463.    Deny the allegations set forth in paragraph 463.

464.    Admit the allegation set forth in paragraph 464 that GEICO made requests for verification, and aver that such requests were improper, untimely, and/or without basis.

465.    Admit the allegation set forth in paragraph 465 that that GEICO made requests for verification by examinations under oath, and aver that such requests were improper, untimely, and without basis.

466.    Deny the allegations set forth in paragraph 466.

467.    Deny the allegations set forth in paragraph 467 and aver that any refusal and/or failure of Defendants to appear for examinations under oath were a result of GEICO having made improper, untimely, and/or baseless requests for such.

468.    Deny the allegations set forth in paragraph 468.

469.    Deny the allegations set forth in paragraph 469.

470.    Deny the allegations set forth in paragraph 470.

471.    Deny the allegations set forth in paragraph 471.

472.    Neither admit nor deny the allegations set forth in paragraph 472 and respectfully refer the Court to any applicable law or agreements governing the relationship between Defendants and GEICO.

473.    Deny the allegations set forth in paragraph 473.

474.    Deny the allegations set forth in paragraph 474.

475.    Deny the allegations set forth in paragraph 475.

476.    Deny the allegations set forth in paragraph 476.

477.    Deny the allegations set forth in paragraph 477.

478.    Deny the allegations set forth in paragraph 478.

479.    Deny knowledge or information sufficient to form a belief as to the truth of GEICO's suspicions, admit that GEICO made improper, untimely, and baseless requests for verification, and deny the remaining allegations set forth in paragraph 479.

480.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 480.

481.    Deny the allegations set forth in paragraph 481.

482.    Deny the allegations set forth in paragraph 482 except admit that when GEICO improperly denied payment to Defendants, Defendants commenced litigation against GEICO and aver that such litigation was to enforce Defendants' right to be reimbursed for services rendered to GEICO's insureds.

483.    Admit that GEICO has statutory and contractual duties to promptly and fairly process claims within 30 days and deny the remaining allegations set forth in paragraph 483.

484.    Deny the allegations set forth in paragraph 484.

485.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

486.    Deny the allegations set forth in paragraph 486.

487.    Deny the allegations set forth in paragraph 487.

488.    Deny the allegations set forth in paragraph 488.

489.    Deny the allegations set forth in paragraph 489.

490.    Deny the allegations set forth in paragraph 490.

491.    Deny the allegations set forth in paragraph 491.

492.    Deny the allegations set forth in paragraph 492.

493.    Deny the allegations set forth in paragraph 493.

494.    Deny the allegations set forth in paragraph 494.

495.    Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 495.

496.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

497.    Defendant Parisien denies the allegations set forth in paragraph 497, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

498.    Defendant Parisien denies the allegations set forth in paragraph 498, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

499.    Defendant Parisien denies the allegations set forth in paragraph 499, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

500.    Defendant Parisien denies the allegations set forth in paragraph 500, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

501.    Defendant Parisien denies the allegations set forth in paragraph 501, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

502.     Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 502.

503.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

504.     Defendant Parisien denies the allegations set forth in paragraph 504, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

505.     Defendant Parisien denies the allegations set forth in paragraph 505, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

506.     Defendant Parisien denies the allegations set forth in paragraph 506, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

507.     Defendant Parisien denies the allegations set forth in paragraph 507, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

508.     Defendant Parisien denies the allegations set forth in paragraph 508, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

509.     Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 509.

510.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

511.    Defendant Parisien denies the allegations set forth in paragraph 511, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

512.    Defendant Parisien denies the allegations set forth in paragraph 512, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

513.    Defendant Parisien denies the allegations set forth in paragraph 513, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

514.    Defendant Parisien denies the allegations set forth in paragraph 514, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

515.    Defendant Parisien denies the allegations set forth in paragraph 515, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

516.    Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 516.

517.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

518.    Defendant Parisien denies the allegations set forth in paragraph 518, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

519.     Defendant Parisien denies the allegations set forth in paragraph 519, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

520.     Defendant Parisien denies the allegations set forth in paragraph 520, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

521.     Defendant Parisien denies the allegations set forth in paragraph 521, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

522.     Deny the allegations set forth in paragraph 522.

523.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

524.     Defendant Pavlova denies the allegations set forth in paragraph 524, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

525.     Defendant Pavlova denies the allegations set forth in paragraph 525, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

526.     Defendant Pavlova denies the allegations set forth in paragraph 526, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

527.    Defendant Pavlova denies the allegations set forth in paragraph 527, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

528.    Defendant Pavlova denies the allegations set forth in paragraph 528, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

529.    Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 529.

530.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

531.    Defendant Pavlova denies the allegations set forth in paragraph 531, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

532.    Defendant Pavlova denies the allegations set forth in paragraph 532, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

533.    Defendant Pavlova denies the allegations set forth in paragraph 533, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

534.    Defendant Pavlova denies the allegations set forth in paragraph 534, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

535.     Defendant Pavlova denies the allegations set forth in paragraph 535, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

536.     Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 536.

537.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

538.     Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 538, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

539.     Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 539, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

540.     Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 540, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

541.     Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 541, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

542.     Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 542, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

543.    Deny that GEICO is entitled to the relief that it seeks as set forth in paragraph 543.

544.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

545.    Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 545, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

546.    Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 546, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

547.    Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 547, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

548.    Defendants Pavlova and Allay Medical denies the allegations set forth in paragraph 548, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

549.    Deny the allegations set forth in paragraph 549.

550.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

551.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 551, except to the extent they pertain to Defendants, they are denied.

552.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 552, except to the extent they pertain to Defendants, they are denied.

553.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 553, except to the extent they pertain to Defendants, they are denied.

554.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 554, except to the extent they pertain to Defendants, they are denied.

555.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 555, except to the extent they pertain to Defendants, they are denied.

556.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 556, except to the extent they pertain to Defendants, they are denied.

557.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

558.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 558, except to the extent they pertain to Defendants, they are denied.

559.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 except to the extent they pertain to Defendants, they are denied.

560.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 560, except to the extent they pertain to Defendants, they are denied.

561.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 561, except to the extent they pertain to Defendants, they are denied.

562.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 562, except to the extent they pertain to Defendants, they are denied.

563.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 563, except to the extent they pertain to Defendants, they are denied.

564.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

565.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 565, except to the extent they pertain to Defendants, they are denied.

566.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 566, except to the extent they pertain to Defendants, they are denied.

567.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 567, except to the extent they pertain to Defendants, they are denied.

568.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 568, except to the extent they pertain to Defendants, they are denied.

569.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 569, except to the extent they pertain to Defendants, they are denied.

570.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 570, except to the extent they pertain to Defendants, they are denied.

571.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

572.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 572, except to the extent they pertain to Defendants, they are denied.

573.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 573, except to the extent they pertain to Defendants, they are denied.

574.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 574, except to the extent they pertain to Defendants, they are denied.

575.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 575, except to the extent they pertain to Defendants, they are denied.

576.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 576, except to the extent they pertain to Defendants, they are denied.

577.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

578.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 578, except to the extent they pertain to Defendants, they are denied.

579.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 579, except to the extent they pertain to Defendants, they are denied.

580.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 580, except to the extent they pertain to Defendants, they are denied.

581.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 581, except to the extent they pertain to Defendants, they are denied.

582.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 582, except to the extent they pertain to Defendants, they are denied.

583.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 583, except to the extent they pertain to Defendants, they are denied.

584.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

585.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 585, except to the extent they pertain to Defendants, they are denied.

586.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 586, except to the extent they pertain to Defendants, they are denied.

587.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 587, except to the extent they pertain to Defendants, they are denied.

588.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 588, except to the extent they pertain to Defendants, they are denied.

589.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 589, except to the extent they pertain to Defendants, they are denied.

590.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 590, except to the extent they pertain to Defendants, they are denied.

591.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

592.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 592, except to the extent they pertain to Defendants, they are denied.

593.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 593, except to the extent they pertain to Defendants, they are denied.

594.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 594, except to the extent they pertain to Defendants, they are denied.

595.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 595, except to the extent they pertain to Defendants, they are denied.

596.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 596, except to the extent they pertain to Defendants, they are denied.

597.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 597, except to the extent they pertain to Defendants, they are denied.

598.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

599.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 599, except to the extent they pertain to Defendants, they are denied.

600.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 600, except to the extent they pertain to Defendants, they are denied.

601.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 601, except to the extent they pertain to Defendants, they are denied.

602.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 602, except to the extent they pertain to Defendants, they are denied.

603.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 603, except to the extent they pertain to Defendants, they are denied.

604.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

605.     Defendant Lacina denies the allegations set forth in paragraph 605, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

606.     Defendant Lacina denies the allegations set forth in paragraph 606, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

607.     Defendant Lacina denies the allegations set forth in paragraph 607, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

608.    Defendant Lacina denies the allegations set forth in paragraph 608, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

609.    Defendant Lacina denies the allegations set forth in paragraph 609, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

610.    Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph 610.

611.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

612.    Defendant Lacina denies the allegations set forth in paragraph 612, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

613.    Defendant Lacina denies the allegations set forth in paragraph 613, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

614.    Defendant Lacina denies the allegations set forth in paragraph 614, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

615.    Defendant Lacina denies the allegations set forth in paragraph 615, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

616.    Defendant Lacina denies the allegations set forth in paragraph 616, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

617.    Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph 617.

618.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

619.    Defendant Lacina denies the allegations set forth in paragraph 619, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

620.    Defendant Lacina denies the allegations set forth in paragraph 620, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

621.    Defendant Lacina denies the allegations set forth in paragraph 621, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

622.    Defendant Lacina denies the allegations set forth in paragraph 622, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

623.    Defendant Lacina denies the allegations set forth in paragraph 623, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

624.    Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph 624.

625.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

626.    Defendant Lacina denies the allegations set forth in paragraph 626, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

627.    Defendant Lacina denies the allegations set forth in paragraph 627, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

628.    Defendant Lacina denies the allegations set forth in paragraph 628, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

629.    Defendant Lacina denies the allegations set forth in paragraph 629, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

630.    Defendant Lacina denies the allegations set forth in paragraph 630, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

631.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

632.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 632, except to the extent they pertain to Defendants, they are denied.

633.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 633, except to the extent they pertain to Defendants, they are denied.

634.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 634, except to the extent they pertain to Defendants, they are denied.

635.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 635, except to the extent they pertain to Defendants, they are denied.

636.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 636, except to the extent they pertain to Defendants, they are denied.

637.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 637, except to the extent they pertain to Defendants, they are denied.

638.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

639.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 639, except to the extent they pertain to Defendants, they are denied.

640.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 640, except to the extent they pertain to Defendants, they are denied.

641.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 641, except to the extent they pertain to Defendants, they are denied.

642.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 642, except to the extent they pertain to Defendants, they are denied.

643.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 643, except to the extent they pertain to Defendants, they are denied.

644.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 644, except to the extent they pertain to Defendants, they are denied.

645.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

646.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 646, except to the extent they pertain to Defendants, they are denied.

647.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 647, except to the extent they pertain to Defendants, they are denied.

648.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 648, except to the extent they pertain to Defendants, they are denied.

649.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 649, except to the extent they pertain to Defendants, they are denied.

650.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 650, except to the extent they pertain to Defendants, they are denied.

651.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 651, except to the extent they pertain to Defendants, they are denied.

652.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

653.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 653, except to the extent they pertain to Defendants, they are denied.

654.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 654, except to the extent they pertain to Defendants, they are denied.

655.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 655, except to the extent they pertain to Defendants, they are denied.

656.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 656, except to the extent they pertain to Defendants, they are denied.

657.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 657, except to the extent they pertain to Defendants, they are denied.

658.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

659.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 659, except to the extent they pertain to Defendants, they are denied.

660.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 660, except to the extent they pertain to Defendants, they are denied.

661.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 661, except to the extent they pertain to Defendants, they are denied.

662.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 662, except to the extent they pertain to Defendants, they are denied.

663.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 663, except to the extent they pertain to Defendants, they are denied.

664.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 664, except to the extent they pertain to Defendants, they are denied.

665.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

666.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 666, except to the extent they pertain to Defendants, they are denied.

667.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 667, except to the extent they pertain to Defendants, they are denied.

668.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 668, except to the extent they pertain to Defendants, they are denied.

669.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 669, except to the extent they pertain to Defendants, they are denied.

670.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 670, except to the extent they pertain to Defendants, they are denied.

671.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 671, except to the extent they pertain to Defendants, they are denied.

672.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

673.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 673, except to the extent they pertain to Defendants, they are denied.

674.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 674, except to the extent they pertain to Defendants, they are denied.

675.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 675, except to the extent they pertain to Defendants, they are denied.

676.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 676, except to the extent they pertain to Defendants, they are denied.

677.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 677, except to the extent they pertain to Defendants, they are denied.

678.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 678, except to the extent they pertain to Defendants, they are denied.

679.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

680.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 680, except to the extent they pertain to Defendants, they are denied.

681.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 681, except to the extent they pertain to Defendants, they are denied.

682.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 682, except to the extent they pertain to Defendants, they are denied.

683.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 683, except to the extent they pertain to Defendants, they are denied.

684.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 684, except to the extent they pertain to Defendants, they are denied.

685.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

686.    Defendant Masigla denies the allegations set forth in paragraph 686, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

687.    Defendant Masigla denies the allegations set forth in paragraph 687, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

688.    Defendant Masigla denies the allegations set forth in paragraph 688, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

689.    Defendant Masigla denies the allegations set forth in paragraph 689, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

690.    Defendant Masigla denies the allegations set forth in paragraph 690, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

691.    Deny that GEICO is entitled to the damages that is seeks as set forth in paragraph 691.

692.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

693.    Defendant Masigla denies the allegations set forth in paragraph 693, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

694.    Defendant Masigla denies the allegations set forth in paragraph 694, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

695.    Defendant Masigla denies the allegations set forth in paragraph 695, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

696.    Defendant Masigla denies the allegations set forth in paragraph 696, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

697.    Defendant Masigla denies the allegations set forth in paragraph 697, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

698.    Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph 698.

699.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

700.    Defendant Masigla denies the allegations set forth in paragraph 700, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

701.    Defendant Masigla denies the allegations set forth in paragraph 701, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

702.    Defendant Masigla denies the allegations set forth in paragraph 702, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

703.    Defendant Masigla denies the allegations set forth in paragraph 703, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

704.    Defendant Masigla denies the allegations set forth in paragraph 704, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

705.    Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph 705.

706.    Defendants repeat and reallege each and every response above, as if set forth fully herein.

707.    Defendant Masigla denies the allegations set forth in paragraph 707, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

708.    Defendant Masigla denies the allegations set forth in paragraph 708, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

709.    Defendant Masigla denies the allegations set forth in paragraph 709, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

710.    Defendant Masigla denies the allegations set forth in paragraph 710, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

711.    Defendant Masigla denies the allegations set forth in paragraph 711, the remaining Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

712.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

713.     Deny the allegations set forth in paragraph 713.

714.     Deny the allegations set forth in paragraph 714.

715.     Deny the allegations set forth in paragraph 715.

716.     Deny the allegations set forth in paragraph 716.

717.     Deny the allegations set forth in paragraph 717.

718.     Deny the allegations set forth in paragraph 718.

719.     Deny the allegations set forth in paragraph 719.

720.     Deny the allegations set forth in paragraph 720.

721.     Deny the allegations set forth in paragraph 721.

722.     Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph 722.

723.     Defendants repeat and reallege each and every response above, as if set forth fully herein.

724.     Deny the allegations set forth in paragraph 724.

725.     Deny the allegations set forth in paragraph 725.

726.     Deny the allegations set forth in paragraph 726.

727.     Deny the allegations set forth in paragraph 727.

728.     Deny that GEICO is entitled to the damages that it seeks as set forth in paragraph

729.     To the extent any of the above allegations refer to defendants in this action other than the Defendants, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

730.    To the extent any of the above allegations are not responded to by any and/or all of the Defendants, such allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

GEICO's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, because to the extent GEICO suffered any injury or incurred any damages as alleged in the Complaint, which Defendants deny, Defendants did not directly or proximately or materially cause or contribute to any alleged damage, loss or injury sustained by GEICO.

## THIRD AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the applicable Statute of Limitations or otherwise untimely under New York No-fault Insurance Regulations.

## FOURTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of *res judicata*.

## EIGHT AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## NINTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of offer and compromise.

## ELEVENTH AFFIRMATIVE DEFENSE

GEICO's claims as alleged against defendant Maria S. Masigla, P.T., are barred, in whole or in part, by a prior written Settlement Agreement and Release between GEICO and defendant Masigla, relevant portions of which are annexed hereto as **Exhibit A** and made a part hereto.

## TWELFTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, due to a failure to mitigate damages.

## THIRTEENNTH AFFIRMATIVE DEFENSE

GEICO has failed to plead its claims of fraud with the requisite particularity.

## FOURTEENTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the *in pari delicto* doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by prior actions pending.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims for which GEICO seeks declaratory judgment are subject to Defendants' right to arbitrate pursuant to the Federal Arbitration Act and New York law, which right Defendants hereby demand.

## SEVENTEENTH AFFIRMATIVE DEFENSE

GEICO's claims of fraud are barred by a lack of reasonable and/or justifiable reliance.

## EIGHTEENTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by the doctrine of, and public policy favoring, finality of settlements.

## NINETEENTH AFFIRMATIVE DEFENSE

GEICO's claims are barred by GEICO's unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims for which GEICO seeks declaratory judgment, to the extent such request for relief is based upon allegations of fraudulent incorporation, are barred by GEICO's failure to timely raise them.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, because to the extent GEICO suffered any injury or incurred any damages as alleged in the Complaint, which Defendants deny, any such injury or damage was caused, in whole or in part, by intervening or superseding events, factors, occurrences, conditions or acts, over which Defendants had no control, or through acts or omissions on the part of GEICO.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

GEICO's claims are barred to the extent they seek relief based upon allegations of fee-splitting, as such is not a proper basis for denial of payment of claims for reimbursement of services performed pursuant to New York No-Fault Law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

GEICO has failed and refused to avail itself of the New York State Courts to vacate or otherwise challenge settlements or judgments which arose from New York State Court proceedings, and are therefore precluded from seeking to do so herein.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

GEICO's claims are barred, in whole or in part, by GEICO's forum shopping.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

GEICO's instant claims constitute an impermissible collateral attack on previously rendered New York State Court decisions and/or judgments, and are therefore barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent GEICO's request for relief is based upon allegations of fraudulent incorporation, such allegations are inapplicable to individual health care practitioners billing under their own T.I.N. number.

**WHEREFORE**, the Defendants request that the Complaint be dismissed in its entirety and grant such other and further relief as may be just and equitable.

## JURY TRIAL DEMAND

A trial by jury is hereby demanded on all issues, claims, and defenses.

Dated:  New York, New York
        June 19, 2016

/s/ Donald J. Kravet
 Donald J. Kravet
 *Dkravet@kkvpc.com*

Maria E. Rodi
*Mrodi@kkvpc.com*

KAPLAN KRAVET & VOGEL P.C.
630 Third Avenue, 5th Floor
New York, NY 10017
(646) 248-5460

-    and    -

/s/ Howard W. Foster
Howard W. Foster
*hfoster@fosterpc.com*

Matthew Galin
*mgalin@fosterpc.com*

FOSTER, PC
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606


*Attorneys for Francois Jules Parisien, M.D.,*
*Maria S. Masigla, P.T., Francis J. Lacina,*
*M.D., Ksenia Pavlova, D.O., and Allay*
*Medical Services, P.C.*